# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>         *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>Office of the General Counsel<br>245 Murray Lane SW<br>Mailstop: 0485<br>Washington, DC 20528,<br><br>U.S. IMMIGRATION<br>AND CUSTOMS ENFORCEMENT,<br>500 12th Street SW<br>Washington, DC 20536,<br><br>and<br><br>U.S. CUSTOMS<br>AND BORDER PROTECTION,<br>1300 Pennsylvania Avenue NW<br>Washington, DC 20229<br><br>         *Defendants*. | Case No. _____ |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Homeland Security and its related component agencies, the U.S. Immigration and Customs Enforcement and U.S. Customs and Border Protection, under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

4.      Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i), and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of such information, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of Homeland Security ("DHS") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).  The DHS Privacy Office

("DHSHQ") coordinates FOIA requests for several DHS components. DHS has possession, custody, and control of the records that American Oversight seeks.

7. Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") are components of DHS headquartered in Washington, DC, and agencies of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ICE and CBP have possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

8. On February 8, 2019, American Oversight submitted three FOIA requests to DHS, ICE, and CBP seeking communications and records of certain DHS, ICE, and CBP officials relating to detainees who died during or following their detention by ICE or CBP. American Oversight provided search terms and limited its requests to documents post-dating January 20, 2017 in order to reduce the volume of responsive records.

*High-Ranking Officials' Email Communications FOIA*

9. On February 8, 2019, American Oversight submitted a FOIA request to DHS, ICE, and CBP with internal tracking number DHS-19-0191, seeking the following records:

> All email communications (including emails, email attachments, and calendar invitations) of (1) current Secretary Kirstjen Nielsen (formerly chief of staff) and anyone who has served as her chief of staff, (2) former Acting ICE Director Thomas Homan and anyone who has served as his chief of staff, (3) current ICE Deputy Director Ronald D. Vitello and anyone who has served as his chief of staff, and (4) current CBP Commissioner Kevin McAleenan and anyone who has served as his chief of staff, containing any of the following terms:
>
> a. Noose*
> b. Suicid*
> c. Pregnan*
> d. Transgender
> e. "Mental health"
> f. "Prenatal care"
> g. "pre-natal"
> h. Miscarr*
> i. Hielera

    j. hieleras
    k. "De La Rosa"
    l. Testfatsion
   m. "Mergensana"
    n. Roxsana
    o. "Roxana Hernandez"
    p. "Jeffry Hernandez"
    q. "Alonzo Gomez"
    r. "Alonzo-Gomez"
    s. "Gomez Alonzo"
    t. "Caal Maquin"
    u. Jakelin
    v. "Mariee Juarez"
   w. "Puerto Diaz"
    x. "Ricardo Loza"
    y. Siskind
    z. "Monterrosa"
  aa. "Force feed"
  bb. "Force-feed"
  cc. "Force-fed"
  dd. "Force fed"
  ee. "Forced feeding"
  ff. "Forced-feeding"
  gg. "Involuntary hydration"
  hh. "Hunger strike"

Please provide all responsive records from January 20, 2017, through the date of the search.

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "separat*" would return all of the following: separate, separates, separated, separation, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

Please <u>exclude</u> news clips generated from non-governmental services and emails distributed to a wide listserv of twenty or more email addresses. A news clips email that is forwarded by an individual to one of the identified individuals with any additional message *should* be considered responsive.

10.    On February 11, 2019, DHS acknowledged receipt of the High-Ranking Officials' Email Communications FOIA, conditionally granted American Oversight's request for a fee waiver, and assigned the FOIA request reference number 2019-HQFO-00405.

11.     On February 26, 2019, ICE acknowledged receipt of the High-Ranking Officials' Email Communications FOIA, granted American Oversight's request for a fee waiver, and assigned the FOIA request reference number 2019-ICFO-29167.

12.     On March 11, 2019, CBP acknowledged receipt of the High-Ranking Officials' Email Communications FOIA, granted American Oversight's request for a fee waiver, and assigned the FOIA request reference number CBP-2019-027885.  Later the same day, CBP changed the reference number to CBP-OIT-2019-027885.

13.     American Oversight has not received any further communication from DHS, ICE, or CBP regarding the High-Ranking Officials' Email Communications FOIA.

*McAleenan Statements FOIA*

14.     On February 8, 2019, American Oversight submitted a FOIA request to CBP with internal tracking number DHS-CBP-19-0193, seeking the following records:

1. All final talking points prepared for, or used by, CBP Commissioner Kevin McAleenan for his December 11, 2018 testimony before the U.S. Senate Judiciary Committee.

2. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) of (1) CBP Commissioner Kevin McAleenan, (2) Deputy Commissioner Robert E. Perez, (3) Border Patrol Chief Carla Provost, or (4) Assistant Commissioner Andrew Meehan regarding any and all deaths of individuals while held in CBP custody or following detention in CBP custody, including, but not limited to, records related to the deaths of Jakelin Caal Maquin and Felipe Gomez Alonzo.

    Please provide all responsive records from January 20, 2017, through the date of the search.

15. On March 11, 2019, CBP acknowledged receipt of the McAleenan Statements FOIA and assigned it FOIA reference number CBP-2019-027890. The next day, after replacing the reference number with CBP-OC-027890, CBP changed it back to CBP-2019-027890.

16. On March 20, 2019, CBP again changed the reference number for the McAleenan Statements FOIA, this time to CBP-OIT-2019-027890.

17. American Oversight has not received any further communication from CBP regarding the McAleenan Statements FOIA.

*Nielsen Statements FOIA*

18. On February 8, 2019, American Oversight submitted a FOIA request to DHS with internal tracking number DHS-19-0194, seeking the following records:

1. All final talking points prepared for, or used by, DHS Secretary Kirstjen Nielsen for her December 20, 2018 testimony before the U.S. House of Representatives Judiciary Committee.

2. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) of current Secretary Nielsen (formerly chief of staff) regarding any and all deaths of individuals while held in DHS custody (including in the custody of ICE or CBP) or following detention in DHS custody, including, but not limited to, records related to the deaths of Jakelin Caal Maquin and Felipe Gomez Alonzo.

Please provide all responsive records from January 20, 2017, through the date of the search.

19. On February 11, 2019, DHS acknowledged receipt of the Nielsen Statements FOIA, conditionally granted American Oversight's request for a fee waiver, and assigned the Nielsen Statements FOIA reference number 2019-HQFO-00408.

20. American Oversight has not received any further communication from DHS regarding the Nielsen Statements FOIA.

*Exhaustion of Administrative Remedies*

21. As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

22. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

23. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. American Oversight properly requested records within the possession, custody, and control of Defendants.

25. Defendants are agencies subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

26. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

27. Defendants' failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

28. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30. American Oversight properly requested records within the possession, custody, and control of Defendants.

31. Defendants are agencies subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

32. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

33. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

34. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

35. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: June 18, 2019

Respectfully submitted,

*/s/ Erica C. Lai*
Melissa H. Maxman, D.C. Bar No. 426231
Erica C. Lai, D.C. Bar No. 995143
COHEN & GRESSER LLP
2001 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
(202) 851-2070
mmaxman@cohengresser.com
elai@cohengresser.com

Daniel A. McGrath, D.C. Bar No. 1531723
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiff*